UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                              No. 09-cv-11986-DPW

$16,101.72 SEIZED FROM BANK OF
AMERICA ACCOUNT NUMBER 898018373038
IN THE NAME OF ROSEMONT S CORPORATION
D/B/A SPENCER INTERNATIONAL TRADERS,
        Defendant.

## SETTLEMENT AGREEMENT

The United States of America and Spencer International Traders (collectively, the "Parties"), by their undersigned attorneys, set forth the following:

WHEREAS, on March 25, 2009, the United States executed a seizure warrant, issued by a United States Magistrate Judge in this district, at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in Bank of America account number 898018373038, in the name of Rosemont S Corporation d/b/a Spencer International Traders ("Account S-3038");

WHEREAS, pursuant to that seizure warrant, Bank of America subsequently paid over to the United States the sum of $16,101.72 seized from Account S-3038;

WHEREAS, Spencer International Traders ("Spencer") asserts that it is the beneficial owner of the funds seized from Account S-3038, and with this Agreement, is filing an assented-to claim to those funds, attached hereto as Exhibit A;

WHEREAS, on November 19, 2009, the United States filed a verified complaint under seal against the funds seized from Account S-3038 and other defendant properties;

WHEREAS, notice of this action has been duly published and served upon the known potential claimants, and no one, other than Spencer, has filed a claim to the funds seized from Account S-3038;

WHEREAS, Diego Arnal, President of Rosemont S Corporation, on behalf of Rosemont S Corporation, has disclaimed any interest in the funds seized from Account S-3038;

WHEREAS, since the filing of the complaint, the Parties have engaged in settlement negotiations in the hope of resolving this matter without further litigation, and have agreed on the resolution set forth in this Agreement, which the Parties believe is fair and just under all of the circumstances;

WHEREAS, the Parties' Agreement calls for forfeiture to the United States of $5,000.00 of the funds seized from Account S-3038, together with any interest or other return thereon since the time of seizure, and return to Spencer of the remaining funds seized from Account S-3038, in the amount of $11,101.72, together with any interest or other return actually earned on that $11,101.72 portion of the seized funds, to Spencer through its attorneys; and

WHEREAS, the agreed forfeiture requires this Court's

approval;

NOW THEREFORE, the Parties stipulate and agree as follows:

1. The Parties agree that $5,000.00 of the funds seized from Account S-3038, together with any interest or other return thereon since the time of seizure, shall be forfeited to the United States of America, and that, within a reasonable time after entry of the Parties' proposed Final Judgment and Order of Forfeiture, the remainder of the funds seized from Account S-3038, in the amount of $11,101.72, together with any interest or other return actually earned on that $11,101.72 portion of the seized funds, shall be returned to Spencer through its attorneys, via a Joint Motion and Order in the forms attached hereto as Exhibits B and C.

2. Spencer generally and unconditionally releases the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office for the District of Massachusetts, the United States Drug Enforcement Administration, and the United States Marshals Service, as well as any other federal, state, county, or local law enforcement agencies whose personnel assisted, or will assist, in the seizure and detention of the funds seized from Account S-3038, and the agreed forfeiture and return of portions of the seized funds as set forth herein, from

any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure and detention of these funds and the agreed forfeiture of a portion of the funds to the United States.

3.   Without in any way limiting the scope of Paragraph 2, Spencer specifically agrees to waive any and all constitutional claims that it may have arising from or relating in any way to the seizure and detention of the funds seized from Account S-3038 and the agreed forfeiture of a portion of these funds to the United States, including claims that the forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

4.   The Parties hereby waive all rights of appeal as against each other with respect to the civil matters encompassed by this Agreement.  Each of the Parties shall bear its own costs, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to these matters.

5.   Spencer agrees that nothing in this Settlement

Agreement shall be construed to satisfy or offset any tax liability or any other debt that it may owe to the United States.

6. Spencer hereby acknowledges that it is, and has been, represented by competent counsel in connection with the Settlement Agreement, and that it is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

7. The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims arising out of the seizure and restraint of the funds seized from Account S-3038 by the United States, and the forfeiture of the agreed portion of these funds to the United States. In light of their Settlement Agreement, the Parties hereby waive any rights that they might otherwise have had to demand or receive discovery from each other under the Federal Rules of Civil Procedure.

8. The parties agree that this Agreement shall not constitute an admission of any criminal liability, or of any civil liability beyond the consent to forfeiture set forth herein, on the part of Spencer.

IN WITNESS WHEREOF, the United States of America and Spencer, by their undersigned attorneys, hereby execute this Agreement. The execution may be by multiple signature pages, each of which shall constitute part of the Agreement.

```
                CARMEN M. ORTIZ
                United States Attorney,

By:     _____
                Neil J. Gallagher, Esq.
                Richard L. Hoffman, Esq.
                Assistant U.S. Attorneys
                John Joseph Moakley Courthouse
                Suite 9200
                1 Courthouse Way
                Boston, MA 02210
                (617) 748-3100

Date:   Nov. 5, 2010
```

SPENCER INTERNATIONAL TRADERS,
By its attorneys,

_____
Thomas E. Butler, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5283
Dated: November 4, 2010

**CERTIFICATE OF SERVICE**

    I hereby certify that today I am filing the foregoing document, including any exhibits, via the ECF system, which will cause a copy to be sent by electronic mail to claimant's counsel.

                        s/Richard L. Hoffman
                        Richard L. Hoffman
                        Assistant U.S. Attorney

Dated:   November 5, 2010

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
       Plaintiff,

v.                                      No. 09-cv-11986-DPW

$16,101.72 SEIZED FROM BANK OF
AMERICA ACCOUNT NUMBER 898018373038
IN THE NAME OF ROSEMONT S CORPORATION
D/B/A SPENCER INTERNATIONAL TRADERS,
       Defendant

**ASSENTED-TO CLAIM**

Spencer International Traders, with the assent of Plaintiff, the United States of America, and pursuant to the Settlement Agreement to which this claim is Exhibit A, hereby asserts that it is the owner of the following *in rem* defendant property: $16,101.72 in United States currency, seized from Bank of America account number 898018373038, in the name of Rosemont S Corporation, d/b/a Spencer International Traders.

                                SPENCER INTERNATIONAL TRADERS

By its Attorneys: _____
                      Thomas E. Butler, Esq.
                      Chadbourne & Parke LLP
                      30 Rockefeller Plaza
                      New York, NY 10112
                      (212) 408-5283

Dated: 11/4/10

<u>Verification</u>

I, Thomas E. Butler, Attorney for Spencer International Traders, state that I have read the foregoing Claim and that the contents thereof are true to the best of my knowledge, information, and belief.

_____
Thomas E. Butler, Esq.


[INSERT N.Y. STANDARD NOTARIZATION LANGUAGE,
AND NOTARIZE THIS DOCUMENT BELOW.]


Sworn to before me
this 4th day of November, 2010

_____
Notary Public

KAREN E. FOSTER
Notary Public, State of New York
No. 01-FO4721848
Qualified in Kings County
Certificate Filed in New York County
Commission Expires FEBRUARY 28, 20 11

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



UNITED STATES OF AMERICA,
      Plaintiff,

v.                               No. 09-cv-11986-DPW

$16,101.72 SEIZED FROM BANK OF
AMERICA ACCOUNT NUMBER 898018373038
IN THE NAME OF ROSEMONT S CORPORATION
D/B/A SPENCER INTERNATIONAL TRADERS,
      Defendant.

**JOINT MOTION FOR FINAL JUDGMENT AND ORDER OF FORFEITURE, and
ORDER RELEASING OTHER PROPERTY**

The United States of America and Spencer International Traders (collectively, the "Parties"), by their undersigned attorneys, jointly move that this Court endorse the proposed Final Judgment and Order of Forfeiture and Order Releasing Other Property submitted herewith, ordering the forfeiture to the United States of $5,000.00 of the captioned Defendant Property, together with any interest or other return thereon since the time of seizure, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 984, and releasing the remainder of that Defendant Property.

In support of this Motion, the parties state that they have settled this action, and after due notice, no claims to the captioned Defendant Property have been filed, other than the claim filed by Spencer International Traders.

                Respectfully submitted,

                CARMEN M. ORTIZ,
                United States Attorney

      By:    _____
                Richard L. Hoffman
                Neil J. Gallagher
                Assistant U.S. Attorneys
                1 Courthouse Way, Suite 9200
                Boston, Massachusetts 02210
                (617) 748-3279

```
                        SPENCER INTERNATIONAL TRADERS,
                        By its attorneys,


                        _____
                        Thomas E. Butler
                        Chadbourne & Parke LLP
                        30 Rockefeller Plaza
                        New York, NY 10112
                        (212) 408-5283

Dated: October __, 2010
```

**CERTIFICATE OF SERVICE**

 I hereby certify that today I am filing the foregoing motion, together with the proposed order, via the ECF system, which will cause copies to be sent by email to claimant's counsel of record.

            s/Richard L. Hoffman
            Richard L. Hoffman
Dated: October __, 2010  Assistant U.S. Attorney

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



UNITED STATES OF AMERICA,
        Plaintiff,

v.                        No. 09-cv-11986-DPW

$16,101.72 SEIZED FROM BANK OF
AMERICA ACCOUNT NUMBER 898018373038
IN THE NAME OF ROSEMONT S CORPORATION
D/B/A SPENCER INTERNATIONAL TRADERS,
        Defendant.

**FINAL JUDGMENT AND ORDER OF FORFEITURE, and
ORDER RELEASING OTHER PROPERTY**

**WOODLOCK, District Judge:**

    This Court having allowed the parties' Joint Motion for Final Judgment and Order of Forfeiture and Order Releasing Other Property, it is hereby

    ORDERED, ADJUDGED and DECREED:

    1.  Judgment by agreement of the Parties is hereby entered for the forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 984, of $5,000.00 of the captioned Defendant Property (*i.e.*, $16,101.72 seized from Bank of America Account Number 898018373038, in the name of Rosemont S Corporation, d/b/a Spencer International Traders), together with any interest or other return actually earned on that $5000.00 portion of that Defendant Property.

    2.  The Forfeited Property shall be disposed of by the United States Marshals Service pursuant to applicable law.

    3.  The United States Marshals Service shall release the

remainder of the funds seized from Account No. 898018373038, in the amount of $11,101.72, together with any interest or other return actually earned on that $11,101.72 portion of the seized funds, to Thomas E. Butler, as counsel for Spencer International Traders.

4. Any claim of interest of any other person who may assert any right, title, or interest in or to the Forfeited Property is hereby held in default and dismissed.

5. This Order shall be, and hereby is, the full and final disposition of this civil forfeiture action with respect to the captioned Defendant Property.

DONE and ORDERED in Boston, Massachusetts, this _____ day of _____, 2010.

_____
DOUGLAS P. WOODLOCK
United States District Judge