UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**UNITED STATES OF AMERICA,**

              v.

$18,380,697.75 Seized from
Bank of America Account Number
898004312605, in the Name of
Rosemont D Corporation
d/b/a Multinvest,
              Defendant.

No. 4:09-cv-11986-DPW

## SETTLEMENT AGREEMENT

The United States of America and Multinvest Casa de Bolsa, C.A. ("Multinvest"), hereafter, collectively, the "Parties," by their undersigned attorneys, set forth the following:

WHEREAS, on March 25, 2009, the United States executed a seizure warrant, issued by a United States Magistrate Judge in this district, at a branch of Bank of America in Miami, Florida, authorizing seizure of all funds on deposit in Bank of America account number 898004312605, in the name of Rosemont D Corporation d/b/a Multinvest ("Account D-2605");

WHEREAS, pursuant to that seizure warrant, Bank of America subsequently paid over to the United States the sum of $18,380,697.75 seized from Account D-2605;

WHEREAS, Multinvest asserts that it is the beneficial owner of the funds seized from Account D-2605;

WHEREAS, on November 19, 2009, the United States filed a verified complaint under seal against the funds seized from Account D-2605 and other defendant properties;

WHEREAS, on April 16, 2010, Multinvest filed its claim to the funds seized from Account D-2605;

WHEREAS, notice of this action has been duly published and served upon the known potential claimants, and no one, other than Multinvest, has filed a claim to the funds seized from Account D-2605;

WHEREAS, Diego Arnal, President of Rosemont D Corporation, on behalf of Rosemont D Corporation, has disclaimed any interest in the funds seized from Account D-2605;

WHEREAS, since the filing of the complaint, the Parties have engaged in settlement negotiations in the hope of resolving this matter without further litigation, and have agreed on the resolution set forth in this Agreement, which the Parties believe is fair and just under all of the circumstances;

WHEREAS, the Parties' Agreement calls for forfeiture to the United States of $5,000,000.00 of the funds seized from Account D-2605, together with any interest or other return thereon since the time of seizure, and return to Multinvest of the remaining funds seized from Account D-2605, in the amount of $13,380,697.75, together with any interest or other return actually earned on that $13,380,697.75 portion of the seized funds, to Multinvest; and

WHEREAS, the agreed forfeiture requires this Court's approval;

NOW THEREFORE, the Parties stipulate and agree as follows:

1. The Parties agree that $5,000,000.00 of the funds seized from Account D-2605, together with any interest or other return thereon since the time of seizure, shall be forfeited to the United States of America, and that, within a reasonable time after entry of the Parties' proposed Final Judgment and Order of Forfeiture, the remainder of the funds seized from Account D-2605, in the amount of $13,380,697.75, together with any interest or other return actually earned on that $13,380,697.75 portion of the seized funds, shall be returned to Multinvest via a Joint Motion and Order in the forms attached hereto as Exhibits A and B.

2. Multinvest agrees to indemnify the United States and to hold it harmless against any claims relating to any portion of the funds seized from Account D-2605, including, without limitation, any claims contesting the agreed forfeiture of $5,000,000.00 of the seized funds.

3. Multinvest generally and unconditionally releases, indemnifies, and holds harmless the United States, and its officers, agents, employees, and representatives, both past and present, including, but not limited to, the United States Department of Justice, the United States Attorney's Office for the District of Massachusetts, the United States Drug Enforcement Administration, and the United States Marshals Service, as well

as any other federal, state, county, or local law enforcement agencies whose personnel assisted, or will assist, in the seizure and detention of the funds seized from Account D-2605, and the agreed forfeiture and return of portions of the seized funds as set forth herein, from any and all civil claims, including, but not limited to, demands, damages, causes of action, or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure and detention of these funds and the agreed forfeiture of a portion of the funds to the United States.

4. Without in any way limiting the scope of Paragraph 3, Multinvest specifically agrees to waive any and all constitutional claims that it may have arising from or relating in any way to the seizure and detention of the funds seized from Account D-2605 and the agreed forfeiture of a portion of these funds to the United States, including claims that the forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

5. The Parties hereby waive all rights of appeal as against each other with respect to the civil matters encompassed

by this Agreement. Each of the Parties shall bear its own costs, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to these matters.

6. Multinvest agrees that nothing in this Settlement Agreement shall be construed to satisfy or offset any tax liability or any other debt that it may owe to the United States.

7. Multinvest hereby acknowledges that it is, and has been, represented by competent counsel in connection with the Settlement Agreement, that the provisions of this Settlement Agreement and the legal effects thereof have been explained to it, and that it is entering into this Settlement Agreement freely and voluntarily, without coercion, duress, or undue influence.

8. The Parties agree that the settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims against each other arising out of the seizure and restraint of the funds seized from Account D-2605 by the United States, and the forfeiture of the agreed portion of these funds to the United States. In light of their Settlement Agreement, the Parties hereby waive any rights that they might otherwise have had to demand or receive discovery from each other under the Federal Rules of Civil Procedure and/or the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

9. The parties agree that this Agreement shall not constitute an admission of any criminal liability, or of any civil liability beyond the consent to forfeiture set forth herein, on the part of Multinvest.

IN WITNESS WHEREOF, the United States of America and Multinvest, by their undersigned attorneys, hereby execute this Agreement. The execution may be by multiple signature pages, each of which shall constitute part of the Agreement.

        CARMEN M. ORTIZ
        United States Attorney,

By:  /s/Richard L. Hoffman
     Neil J. Gallagher, Esq.
     Richard L. Hoffman, Esq.
     Assistant U.S. Attorneys
     John Joseph Moakley Courthouse
     Suite 9200
     1 Courthouse Way
     Boston, MA 02210
     (617) 748-3100

     MULTINVEST CASA DE BOLSA, C.A.
     By its attorneys,
     /s/Lee Stapleton
     Lee Stapleton, Esq.
     Baker & McKenzie LLP
     Mellon Financial Center
     1111 Brickell Avenue, Suite 1700
     Miami, Florida 33131

## CERTIFICATE OF SERVICE

I hereby certify that today, March 2, 2011, I am filing the foregoing document, including any exhibits, via the ECF system, which will cause a copy to be sent by electronic mail to claimant's counsel of record.

        /s/Richard L. Hoffman
        Richard L. Hoffman
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



UNITED STATES OF AMERICA,

        v.

$18,380,697.75 Seized from
Bank of America Account Number
898004312605, in the Name of
Rosemont D Corporation
d/b/a Multinvest;

$995,233.44 Seized From Bank of America
Account Number 898018373449
in the Name of Rosemont R Corporation
d/b/a/ Spectre Capital Inc.; and

$16,101.72 Seized From Bank of America
Account Number 898018373038
in the Name of Rosemont S Corporation
d/b/a Spencer International Traders

No. 4:09-cv-11986-DPW

## JOINT MOTION FOR FINAL JUDGMENT AND ORDER OF FORFEITURE, and ORDER RELEASING OTHER PROPERTY

The United States of America, Multinvest Casa de Bolsa, C.A., Spectre Capital, Inc., and Spencer International Traders (collectively, the "Parties"), by their undersigned attorneys, jointly move that this Court endorse the proposed Final Judgment and Order of Forfeiture and Order Releasing Other Property submitted herewith, ordering the forfeiture of certain property to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 984, and releasing certain other property.

In support of this Motion, the parties state that they have settled this action, and after due notice, no claims have been

filed other than the claims filed by Multinvest Casa de Bolsa, C.A., Spectre Capital, Inc., and Spencer International Traders.

        Respectfully submitted,

        CARMEN M. ORTIZ
        United States Attorney,
By:  /s/Richard L. Hoffman
        Neil J. Gallagher, Esq.
        Richard L. Hoffman, Esq.
        Assistant U.S. Attorneys
        John Joseph Moakley Courthouse
        Suite 9200
        1 Courthouse Way
        Boston, MA 02210
        (617) 748-3100

        MULTINVEST CASA DE BOLSA, C.A.
        By its attorneys,
        /s/Lee Stapleton
        Lee Stapleton, Esq.
        Baker & McKenzie LLP
        Mellon Financial Center
        1111 Brickell Avenue, Suite 1700
        Miami, Florida 33131

        SPECTRE CAPITAL, INC.,
        By its attorneys,
        /s/Thomas E. Butler
        Thomas E. Butler
        Chadbourne & Parke LLP
        30 Rockefeller Plaza
        New York, NY 10112
        (212) 408-5283

        SPENCER INTERNATIONAL TRADERS,
        By its attorneys,
        /s/Thomas E. Butler
        Thomas E. Butler
        Chadbourne & Parke LLP
        30 Rockefeller Plaza
        New York, NY 10112
        (212) 408-5283

## CERTIFICATE OF SERVICE

    I hereby certify that today I am filing the foregoing document, and the proposed Final Order of Forfeiture and Order Releasing Other Property, via the ECF system, which will cause a copy to be sent by electronic mail to claimants' counsel of record.

                                        /s/Richard L. Hoffman
                                        Richard L. Hoffman
Dated: March 2, 2011       Assistant U.S. Attorney

3



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

  v.

$18,380,697.75 Seized from
Bank of America Account Number
898004312605, in the Name of
Rosemont D Corporation
d/b/a Multinvest;

$995,233.44 Seized From Bank of America
Account Number 898018373449
in the Name of Rosemont R Corporation
d/b/a/ Spectre Capital Inc.; and

$16,101.72 Seized From Bank of America
Account Number 898018373038
in the Name of Rosemont S Corporation
d/b/a Spencer International Traders.

No. 4:09-cv-11986-DPW

### FINAL JUDGMENT AND ORDER OF FORFEITURE, and ORDER RELEASING OTHER PROPERTY

**WOODLOCK, District Judge:**

This Court having allowed the parties' Joint Motion for Final Judgment and Order of Forfeiture and Order Releasing Other Property, it is hereby

ORDERED, ADJUDGED and DECREED:

1. Judgment by agreement of the parties is hereby entered for the forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(A) and 984, of the following (hereafter, collectively, the "Forfeited Property"):

    (a) $5,000,000.00 of the $18,380,697.75 seized from Bank of America account number 898004312605, in the Name of Rosemont

D Corporation d/b/a Multinvest, together with any interest or other return actually earned on that $5,000,000.00 portion of that Defendant Property;

(b) $350,000.00 of the $995,233.44 seized from Bank of America Account Number 898018373449, in the name of Rosemont R Corporation, d/b/a Spectre Capital, Inc., together with any interest or other return actually earned on that $350,000.00 portion of that Defendant Property; and

(c) $5,000.00 of the $16,101.72 seized from Bank of America Account Number 898018373038, in the name of Rosemont S Corporation, d/b/a Spencer International Traders, together with any interest or other return actually earned on that $5,000.00 portion of that Defendant Property.

2. The Forfeited Property shall be disposed of by the United States Marshals Service pursuant to applicable law.

3. The United States Marshals Service shall release:

(a) the remainder of the funds seized from Account No. 898004312605, in the amount of $13,380,697.75, together with any interest or other return actually earned on that $13,380,697.75 portion of those seized funds, to Multinvest Casa de Bolsa;

(b) the remainder of the funds seized from Account No. 898018373449, in the amount of $645,233.44, together with any interest or other return actually earned on that

$645,233.44 portion of those seized funds, to Thomas E. Butler, as counsel for Spectre Capital, Inc.; and

(c) the remainder of the funds seized from Account No. 898018373038, in the amount of $11,101.72, together with any interest or other return actually earned on that $11,101.72 portion of those seized funds, to Thomas E. Butler, as counsel for Spencer International Traders.

4. Any claim of interest of any other person who may assert any right, title, or interest in or to the Forfeited Property is hereby held in default and dismissed.

5. This Order shall be, and hereby is, the full and final disposition of this civil forfeiture action.

6. Further, pursuant to the agreement between the United States and Multinvest, the United States Marshals Service shall also release the $450.79 seized from Bank of America account number 898004312540, in the name of Rosemont D Corporation d/b/a Multinvest, as to which Multinvest also asserts ownership, and the United States does not contest ownership, to Multinvest Casa de Bolsa.

DONE and ORDERED in Boston, Massachusetts, this _____ day of _____, 2011,

_____
DOUGLAS P. WOODLOCK
United States District Judge